| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

NICKOLAS WOLFFORD, §
§
      Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:24-CV-177
§
EULA LEA FRISBY, *et al.*, §
§
      Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Plaintiff Nickolas Wolfford, an inmate currently confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this civil rights lawsuit against Eula Lea Frisby, Sonja Frisby Corcren, Cody Lee Corcren, Anthony Corcren, and Kevin Frisby.

      The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action as frivolous and for failing to state a claim upon which relief may be granted.

      The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

      Plaintiff objects to the interpretation of his lawsuit as being brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts he is bringing "a Criminal Conviction suit for using the U.S. Postal Service to Swindle Estate and Royalties off Under Title 18 U.S.C. § 1341." (#10 at 4). Additionally, in his complaint, plaintiff asserted that this "is a suit brought forth to sue . . . for

the Reco (sic) Estate Crime committed. *See* 18 U.S.C.[ ]§ 1341-1343 at which is a 4th Amendment violation." (#1 at 12).

Title 18 U.S.C. §§ 1341 and 1343 are federal mail and wire fraud criminal statutes available to the United States for criminal prosecution, but they do not generally provide a basis for a private, civil cause of action. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1969) ("the fact that a federal statue has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.")(quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). "In order for a private right of action to exist under a criminal statute, there must be a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished). The Fifth Circuit has expressly held that there is no private right of action under either 18 U.S.C. §§ 1341 or 1343. *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 246 (5th Cir. 1977) (holding that any private right of action under 18 U.S.C. § 1341 is foreclosed); *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (holding that 18 U.S.C. § 1343 does not provide a private right of action for civil litigants). Therefore, plaintiff's complaint should be dismissed as frivolous and for failure to state a claim.

**O R D E R**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 7th day of April, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE